UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARROLL O'QUINN,

                Plaintiff,

         -v-

CITY OF NEW YORK,

                Defendant.

19-CV-9663-LTS-RWL

AMENDED ORDER OF DISMISSAL

---

The Court has received and reviewed Plaintiff's letter submission, see docket entry no. 105, pursuant to the Court's July 14, 2023, Order of Dismissal ("30-Day Order"), requesting that the Court retain jurisdiction in this matter for purposes of enforcing the parties' finalized settlement agreement. Plaintiff attached the agreement to his letter submission. (Docket entry 105, Ex. 1 ("Settlement Agreement").) The Court has also received and reviewed Defendant's letter in opposition, see docket entry no. 107, and Plaintiff's reply, see docket entry no. 108. The Court notes that the parties' stipulation of dismissal expressly provides that the underlying claims are dismissed with prejudice, but that the dismissal is without prejudice to a motion by Plaintiff for the Court to retain jurisdiction to enforce the parties' settlement agreement. (Docket entry no. 106.)

As is customary in this district, this case was closed following entry of the 30-Day Order. The 30-Day Order, however, provided for certain conditions under which the action could be restored on the docket, including failure to reach a settlement.[1] (Docket entry no. 96.) The Order also provided, in relevant part, that should the parties "wish the Court to retain

---

[1] The 30-Day Order separately permitted the parties to seek extension of the time within which the matter may be settled, and the parties sought—and the Court granted—numerous such extensions, placing the final deadline on December 14, 2023. On that date, Plaintiff filed the instant letter submission and settlement agreement.

jurisdiction in this matter for purposes of enforcing any settlement agreement, they must submit the settlement agreement to the Court to be so ordered." The Court construes this provision as explicitly contemplating the re-opening of this case within a reasonable time period to permit the revision of the dismissal order to incorporate a settlement agreement. Because Plaintiff filed his letter submission and settlement agreement on December 14, 2023—the deadline for finalizing the settlement—the Court concludes that Plaintiff's application was made "within a reasonable time." See Muze Inc. v. Digital On Demand, Inc., 356 F.3d 492, 495 (2d Cir. 2004).

For substantially the reasons set forth in Plaintiff's initial and reply letter submissions, at docket entry nos. 105 and 108, the Court hereby ORDERS that this action be briefly restored on the docket to permit entry of this Amended Order of Dismissal.

The Court expressly retains jurisdiction over enforcement of the parties' settlement agreement, which is attached as an exhibit to this Order. This action is ORDERED dismissed with prejudice and without costs to any party. The parties are directed to submit a status report within sixty (60) days of this Order advising the Court as to whether their dispute regarding the settlement payment has been resolved, and whether Court intervention is needed.

SO ORDERED.

Dated: New York, New York
January 12, 2024

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CARROLL O'QUINN,

                            Plaintiff,                **SETTLEMENT AGREEMENT**

        -against-

CITY OF NEW YORK,                                   19-CV-09663 (LTS) (RWL)

                            Defendant.

**WHEREAS**, Carroll O'Quinn ("Plaintiff") commenced the above-captioned action (the "Action") by filing a complaint in the United States District Court, Southern District of New York, on or about October 16, 2019 (the "Complaint");

**WHEREAS**, defendants vigorously denied the allegations made in the Complaint as well as any and all liability arising out of Plaintiff's allegations;

**WHEREAS**, pursuant to Court Order dated September 27, 2021, all claims against the New York City Department of Sanitation and Chief Hancock were dismissed;

**WHEREAS**, Plaintiff has agreed to dismiss all his former claims against Erica Glinski (who was sued as Erica Glinsky);

**WHEREAS**, the caption of the case has been amended to reflect these changes and to show that the only remaining defendant is the City of New York;

**WHEREAS**, Plaintiff has agreed to the dismissal of all claims against defendant with prejudice;

**WHEREAS**, no party hereto is an infant or incompetent for which a committee has been appointed; and

**WHEREAS**, there is no person not a party who has any interest in the subject matter of this proceeding; and

WHEREAS, the parties now desire to resolve the issues raised in this Action without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the parties as follows:

1. This Action is settled and is hereby dismissed, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2," below, and a Stipulation of Dismissal with Prejudice in the form annexed hereto as Appendix "A," shall be executed by all parties and may be filed with the Court without further notice or process.

2. On behalf of the defendant, the City of New York ("City") agrees to pay Plaintiff the gross total sum of Sixty One Thousand Dollars and Zero Cents ($61,000.00) (the "Settlement Amount") addressing the compensatory damages Plaintiff alleges is for physical pain and suffering. The Settlement Amount fully satisfies the claims that were or could have been alleged in this Action arising out of the events alleged in the complaint in said Action. The Settlement Amount reflects the entire amount of the settlement, including, but not limited to, any alleged damages, costs, fees, or attorneys' fees, and Plaintiff waives any and all rights to any additional amounts from the defendants for claims that were or could have been alleged in this Action arising out of the events alleged in the complaint in said Action. The parties agree that any and all tax liabilities for the Settlement Amount will be the sole responsibility of Plaintiff.

3. Payment of the Settlement Amount shall be made in one check, payable to "Carroll O'Quinn." The check shall be mailed to Plaintiff at 540 86th Street, Brooklyn, NY 11209.

4. In consideration for the Settlement Amount, Plaintiff agrees to the discontinuance and dismissal with prejudice of any and all rights of action or claims he had alleged against defendant in the above-captioned Action and to release and discharge Erica Glinski

2

DocuSign Envelope ID: 8BF430B9-BD29-42C0-B7B7-5FC616BA0D10

(previously sued as Erica Glinsky), New York City Department of Sanitation, Chief Hancock, and the City of New York, their successors or assigns, and all present or former officials, employees, representatives, trustees, or agents of the City and/or the New York City Department of Sanitation, any or all of them, their successors or assigns (collectively the "Released Parties") from all claims, liabilities and/or causes of action which Plaintiff has or may have against any of the Released Parties based upon anything arising out of the events alleged in the complaint in this Action, up to now and including the date of the execution of this Settlement Agreement, whether known or unknown, and whether or not discoverable, based on any and all liability, claims, or rights of action which were or could have been alleged in this Action, including all claims for costs, expenses and attorneys' fees.

5. The Settlement Amount reflects the entire amount Plaintiff shall be entitled to from defendant and/or the City, and Plaintiff waives any and all rights to any additional amounts from any of the Released Parties, for claims that were or could have been alleged in this Action arising out of the events alleged in the complaint in said Action.

6. Plaintiff shall execute and deliver to defendant's attorney all documents necessary to effectuate this settlement, which consist of: a Stipulation of Dismissal With Prejudice (annexed hereto as Appendix "A"), a General Release (annexed hereto as Appendix "B"), an Affidavit Concerning Liens (annexed hereto as Appendix "C"), a substitute form W-9 (annexed hereto as Appendix "D") for Plaintiff; a Stipulation of Dismissal with Prejudice of Claims (against Ms. Glinski), and a Proposed Order Amending the Caption.

7. Nothing contained herein shall be deemed to be an admission by the defendant and/or any of the Released Parties of liability or the truth of any of the allegations set forth in this action, or an admission by defendant and/or any of the Released Parties that they have

DocuSign Envelope ID: 8BF430B9-BD29-42C0-B7B7-5FC616BA0D10

in any manner or way violated Plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, the City, New York City Department of Sanitation, or any other rules, regulations or bylaws of any department, subdivision or unit of the City.

8. This Settlement Agreement shall not be offered as evidence in, nor is it related to, any other litigation or settlement negotiations, except that this stipulation may be used by either party in connection with any subsequent action or proceeding to enforce this Settlement Agreement.

9. Nothing contained herein shall be deemed to constitute a policy or practice of the New York City Department of Sanitation or the City or any of its agencies.

10. Plaintiff agrees that he has entered into this Settlement Agreement willingly without any coercion or duress, and that this Settlement Agreement completely resolves and terminates the action.

11. This Agreement and the accompanying General Release and Waiver, and any other document executed by Plaintiff and/or Defendant hereto in furtherance of the purposes of this Agreement and the accompanying General Release and Waiver, shall be governed by, interpreted and enforced in accordance with the laws of the State of New York.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

12.  This Settlement Agreement and the documents attached hereto, including the General Release appended hereto, contain all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Settlement Agreement shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

13.  This Settlement Agreement may be signed in counterparts. A facsimile or PDF copy of this agreement will have the same force and effect as the original.

Dated:  New York, New York
        December 1, 2023

Bradley R. Niederschulte
Cravath, Swaine & Moore LLP
Attorneys for Plaintiff
825 Eighth Avenue
New York, NY 10019
bniederschulte@cravath.com

By: *Bradley Niederschulte*
    Bradley R. Niederschulte

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
  City of New York
Attorney for Defendant
100 Church Street
New York, New York 10007
(212) 356-2433
dsulliva@law.nyc.gov

By: *Donald C. Sullivan*
    Donald C. Sullivan
    Assistant Corporation Counsel

5